UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ARTHUR FOSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>  Defendant. | No. 2:13-cv-1593 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On May 10, 2010, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 29, 2009. (Transcript ("Tr.") at 18, 157.) Plaintiff's application was denied initially, (id. at 64-67), and upon reconsideration. (Id. at 73-76.) Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 3, 2012. (Id. at 33-55.) Plaintiff was

1

represented by an attorney and testified at the administrative hearing.  (Id. at 33-34.)  In a decision issued on January 30, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since April 29, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: status post bilateral corneal transplants and depression (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  However, the claimant should avoid climbing ladders, ropes, and scaffolds but can perform all other postural activities frequently.  He can perform work not requiring depth perception or fine acuity.  The claimant should avoid hazards and exposure to concentrated noise.  He can perform simple repetitive tasks.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on April 28, 1959 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 29, 2009, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 20-26.)

On May 29, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's January 30, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 1, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ improperly rejected the medical opinion of plaintiff's treating psychiatrist. (Pl.'s MSJ (Dkt. No. 12) at 10-17.[1])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). Greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

Here, on February 1, 2011, Dr. Ni Ni Hla, plaintiff's treating psychiatrist, completed a Short-Form Evaluation For Mental Disorders form. (Tr. at 362.) Therein, Dr. Hla opined, in part, that plaintiff's ability to understand, remember, and carry out complex instructions, maintain concentration, attention and persistence, complete a normal workday and workweek without interruptions from psychologically based symptoms and to respond appropriately to changes in a work setting were all "poor."[2] (Id. at 364.) Dr. Hla also opined that plaintiff's ability to perform work activities within a schedule and maintain regular attendance was fair to poor, and that his ability to understand, remember, and carry out simple instructions was only fair.[3] (Id.)

Although the ALJ acknowledged that Dr. Hla had a "treating relationship with the claimant," the ALJ nonetheless afforded "limited weight" to Dr. Hla's opinion. (Id. at 24.) In support of this determination, the ALJ asserted that Dr. Hla's treatment notes failed "to provide support" for his opinion and noted that plaintiff had "been stable at his prior two visits with euthymic mood." (Id.) Accordingly, the ALJ found Dr. Hla's opinion to be "inconsistent with the evidence as a whole." (Id.)

However, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel – not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007). Moreover,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He

---

[2] The form defined poor as when, "[t]he evidence supports the conclusion that the individual cannot usefully perform or sustain the activity." (Tr. at 364.)

[3] The form defined fair as when "[t]he evidence supports the conclusion that the individual's capacity to perform the activity is impaired, but the degree/extent of the impairment needs to be further described." (Tr. at 364.)

>  must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). See also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice). Here, the ALJ did not set forth his own interpretations or explain why they, rather than those of plaintiff's treating psychiatrist, were correct.

For the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting treating psychiatrist Dr. Hla's opinion. Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (finding that it was an abuse of discretion for the district court to remand for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that plaintiff was not disabled); Benecke, 379 F.3d at 596 ("Because the evidence establishes that Benecke would be unable to maintain employment while managing her pain and fatigue, remand for further administrative proceedings serves no useful purpose and is unwarranted."). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Benecke, 379 F.3d at 594.

Here, the court finds that the record has been fully developed, that the ALJ failed to provide a legally sufficient reason for rejecting Dr. Hla's medical opinion and that if treating

1  psychiatrist Dr. Hla's opinion were credited as true, the ALJ would be required to find plaintiff
2  disabled on remand.  In this regard, a Vocational Expert testified at the administrative hearing on
3  January 3, 2012.  When asked a hypothetical question that included the limitations indicated by
4  Dr. Hla's opinion, the Vocational Expert testified that the limitations indicated by that opinion
5  precluded plaintiff's employment.  (Tr. at 53-54.)  Thus, had the ALJ's decision been based on
6  the Vocational Expert's testimony in response to the proper hypothetical question that included
7  all of plaintiff's limitations, the ALJ would have found plaintiff disabled.

8        Accordingly, the court finds it appropriate to remand this case with the direction to award
9  benefits.  See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007) (finding that the
10 claimant was entitled to benefits where he was required to lie down two or three times each day
11 for up to forty-five minutes due to pain and where the vocational expert testified that there were
12 no jobs available in the national economy for the plaintiff in light of that limitation); Moore v.
13 Comm'r of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of
14 benefits where the ALJ improperly rejected the testimony of the plaintiff's examining
15 physicians); Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where
16 the ALJ "improperly discounted the opinion of the treating physician").

17       Accordingly, IT IS HEREBY ORDERED that:
18           1. Plaintiff's motion for summary judgment (Dkt. No. 12) is granted;
19           2. Defendant's cross-motion for summary judgment (Dkt. No. 13) is denied;
20           3. The Commissioner's decision is reversed; and
21           4. This matter is remanded with instructions to award benefits.

22 Dated:  September 30, 2014

23

24 DAD:6
25 Ddad1\orders.soc sec\foster1593.ord.docx

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE